UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAULA SCHWERDTFEGER and
CHADWICK PAUL SCHWERDTFEGER,

      Appellants,

v.                                     Case No. 13-C-0085

ALLEN L. PETRIE and GAYLE M. PETRIE,

      Appellees.

## AMENDED ORDER

This amended order is intended to correct the erroneous statement in the court's earlier order of March 28, 2013, that counsel for appellees had inexcusably failed to file his responsive brief in a timely manner. As recounted in the court's original order, Allen and Gayle Petrie brought an adversary proceeding before the bankruptcy court seeking an order directing that their claims against Paula Schwerdtfeger and Chadwick Schwerdtfeger be nondischargeable under 11 U.S.C. § 523(a)(6), or that discharge be denied under 11 U.S.C. § 727(a)(2). After a two-day trial, the bankruptcy court issued an oral decision holding that the Petrie's claim against the Schwerdtfegers was nondischargeable under § 523(a)(6), and awarded judgment in favor of the Petries. The Schwerdtfegers appealed the decision of the bankruptcy court, and the matter is before me now.

During the course of its brief existence thus far, the appeal has suffered from numerous errors. To begin with, the Schwerdtfegers neglected to file with the clerk or serve on the appellees a designation of

the items to be included in the record on appeal and a statement of the issues to be presented, as required by Rule 8006 of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 8006 ("Within 14 days after filing the notice of appeal as provided by Rule 8001(a) . . . the appellant *shall* file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." (emphasis added)). Rule 8006 plainly provides that the record on appeal "*shall include* the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court." *Id.* (emphasis added). The Schwerdtfegers also failed to arrange for a transcript of the trial as provided for in Rule 8007. The only documents transmitted to this Court were the notice of appeal and the docket in the bankruptcy case below.

The Schwerdtfegers nevertheless filed their appellants' brief on February 7, 2013. Not surprisingly, the brief contains no citations to the record. In addition, the counsel for the Petries was not provided a copy of the brief. When a brief is filed, notice is automatically sent electronically to other parties. But counsel for the Petries was apparently not registered with the court's electronic filing system and thus did not receive notification. This should have been apparent to Schwerdtfegers' attorney when he filed his brief. One could argue that opposing counsel should have registered with the court earlier, but without knowing more, even that conclusion cannot be fairly drawn. In any event, counsel for the Petries learned that appellants' brief had been filed later and filed his response on March 26, 2013, in order to protect his clients.

District courts have broad discretion to sanction parties when appropriate. *In re Matter of Scheri*, 51 F.3d 71, 76 (7th Cir. 1995). Rule 8001 provides that "failure to take any step other than

2

timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P. 8001(a). Thus, courts may take such action as they deem appropriate when determining whether to dismiss an appeal due to missing designations and statements of issues on appeal. However, dismissal is a severe sanction, and a court may overlook such failures for good cause. *See id.* at 75.

At this point, I decline to dismiss the appeal. To the extent that the parties have failed to avail themselves of the Federal Rules of Bankruptcy Procedure or of this District's Local Rules regarding electronically filing pleadings and other papers, they should familiarize themselves posthaste before attempting to continue to represent their clients before this Court. Appellants are hereby warned that further failure to comply with the rules or the orders of this Court may result in sanctions, including dismissal of this appeal.

**ACCORDINGLY, IT IS ORDERED** that the appellants shall comply with Rule 8006 of the Federal Rules of Bankruptcy Procedure and must file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented within 10 days of the date of this order. In addition, because the brief filed by the appellants contains no citations to the record, the Clerk is ordered to strike the appellant's brief (ECF No. 3) and the response filed by the appellees (ECF No. 5). In accordance with Rule 8009, the Court hereby vacates the existing briefing schedule and specifies the timing for refiling the briefs as follows: (1) the appellant's brief shall be served and filed within 14 days of the receipt of the transmission of the record by the clerk of the district court; (2) the appellee's brief shall be served and filed within 14 days after service of the brief of the appellant; and (3) the appellant may serve and file a reply brief within 14 days

3

after service of the brief of the appellee. These issues being decided, the Clerk is further ordered to remove from the calendar the telephone status conference currently scheduled for April 2, 2013.

Dated this 29th day of March, 2013.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court